IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

SUSAN HIGHTOWER and
CLIFFORD HUTCHINS,
    Plaintiffs,

v.

UNITED STATES,
    Defendant.

CIVIL NO. 09-5813(NLH)(AMD)

**OPINION**

**APPEARANCES:**

ADAM M. SOLL
SOLL & SOLL, LLC
230 SOUTH BROAD STREET
SUITE 305
PHILADELPHIA, PA 19102
    On behalf of plaintiffs

ELIZABETH ANN PASCAL
U.S. DEPARTMENT OF JUSTICE
OFFICE OF THE U.S. ATTORNEY
401 MARKET STREET
P.O. BOX 2098
CAMDEN, NJ 08101
    On behalf of defendant

**HILLMAN**, District Judge

    In this motor vehicle accident tort action, presently before the Court is the motion of the United States to dismiss plaintiffs' case for their failure to comply with the six-month waiting period of the Federal Tort Claims Act.  Plaintiffs do not object to defendant's motion.  They condition their acquiescence, however, on their ability to re-file their action if the United States denies their claim or if it is determined that the United States is not the proper defendant and the FTCA does not apply.  For the reasons expressed below, the motion of the United States will be granted.

**BACKGROUND, JURISDICTION & DISCUSSION**

On September 17, 2009, plaintiffs filed their case in New Jersey Superior Court against United States Air Force Captain Todd Sparks for personal injuries they allegedly sustained when Captain Sparks rear-ended their vehicle on September 28, 2007. Plaintiffs noticed that displayed on the windshield of Captain Sparks's vehicle was a military designation referencing McGuire Air Force Base. They could not tell, however, whether he was a member of the Air Force on active duty, a government employee operating the vehicle within the scope of government employment, or a civilian handling personal matters. Accordingly, on September 24, 2009, plaintiffs filed an administrative notice of tort claim with the United States pursuant to the Federal Tort Claims Act (FTCA).

On November 13, 2009, the United States substituted for Captain Sparks as defendant, and then removed the case to this Court pursuant to 28 U.S.C. § 2679, which provides, in relevant part:

> "Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the

2

> Attorney General shall conclusively establish scope of
> office or employment for purposes of removal."

Shortly after removal, the United States then filed its instant motion to dismiss. The United States argues that in order to maintain a tort claim against it, a claimant must comply with the provisions of the FTCA, 28 U.S.C. §§ 2671, et seq. Specifically applicable to this case, when a claimant has filed a tort claims notice with the government, he must wait to institute suit against the government until the administrative claim is denied, or it has not been disposed of within six months of filing. 28 U.S.C. § 2675(a). Because plaintiffs filed their tort claim notice on September 24, 2009 and the government has not yet denied their claim and/or six months have not passed, the United States argues that plaintiffs' case must be dismissed.

Plaintiffs do not contest the application of the FTCA's waiting period, and they do not contest the dismissal of their case on that basis. They consent to dismissal on the condition, however, that their right to re-file is preserved following final action on the administrative claims and remand is available if Todd Sparks is found not to have been acting within the scope as a government employment.

It is clear that plaintiffs' case must be dismissed regardless of plaintiffs' consent, as the United States waives its sovereign immunity for tort claims only if the FTCA is strictly

3

complied with.  McNeil v. U.S., 508 U.S. 106, 113 (1993).  Because plaintiffs have failed to exhaust their administrative remedies in compliance with the FTCA prior to filing suit against the United States, their claims are dismissed.

While we understand plaintiffs' concerns about any future litigation, this Court having properly dismissed plaintiffs' case is in no position to rule on the timeliness or viability of future filings.  The Court may not give legal advice, rule on hypothetical future events, or issue advisory opinions.  While the statute appears to provide that if the United States denies plaintiffs' claim, they have six months "after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented," to reinstitute suit, 28 U.S.C. § 2401(b), these events have yet to occur and may never occur.  Nor has the United States failed to act on their claim within six months of the date they filed it. See 28 U.S.C. § 2675(a) ("The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. . . ."). Similarly, it is impossible for us to rule on the timeliness of a complaint that has not yet been filed. Cf., Pascale v. U.S., 998 F.2d 186, 192-93 (3d Cir. 1993) ("As long as a claimant files an administrative claim within two years of its accrual and the

4

agency does not send notice of final denial, the claimant may wait indefinitely before filing suit."). The viability of some future case must await another day and perhaps another judge.

The Court must also decline to opine on future events which would unfold in state court if, as plaintiffs apparently fear, it is later determined that Captain Sparks was not acting in his capacity as a governmental employee. In such a circumstance, the subject matter jurisdiction of this Court, premised now on the opposite factual predicate, would fall away. As such, this Court has no opinion on the timeliness of, viability of, or equitable considerations applicable to, some future matter in state court. Cf., Price v. New Jersey Mfrs. Ins. Co., 867 A.2d 1181, 1184-85 (N.J. 2005) (internal citations and quotations omitted) ("The primary purpose of the statute of limitations is to provide defendants a fair opportunity to defend and to prevent plaintiffs from litigating stale claims. Consistent with that purpose, where defendants are on notice of the claims, and no significant prejudice results, the policy reasons for upholding a strict statute of limitations recede. To avoid harsh results from a mechanical application of the statute of limitations, this Court has applied equitable principles to conclude that the statute should yield to other considerations. . . . Procedural statutes of limitations are not applied strictly. Flexible applications of procedural statutes of limitations may be based on equitable

principles . . . ."). An advisory opinion, already ill, is not cured by offending federalism.

## CONCLUSION

For the reasons expressed above, plaintiffs' claims are dismissed without prejudice for their failure to comply with the exhaustion requirements of the Federal Tort Claims Act. An appropriate Order will be entered.

Date: January 13, 2010          s/ Noel L. Hillman

At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.